FILED
JAMES BONINI
CLERK

2004 JAN 16 PM 3:51

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| Dana Goins, | : | Case No. C-01-185 |
| Petitioner | : | Judge Weber |
| -vs- | : | Magistrate Judge Sherman |
| Samuel Tambi, Warden | : | **MOTION FOR REOPENING OF PETITION FOR HABEAS CORPUS** |
| Respondent | : | |

    NOW COMES Dana Goins, Petitioner, pro se, who respectfully asks this Court to reopen his Petition for Habeas Corpus pursuant to a recently decided case by this Honorable Court, United States District Court, S.D. Ohio, Western Division, on March 27, 2003. This Motion for Reopening is pursuant to WOLFE v RANDLE, 267 F.Supp.2d 743 (S.D.Ohio 2003).

    Petitioner's original Petition for Habeas Corpus was filed March 26, 2001 and was denied October 25, 2002. A Motion for a Certificate of Appealability was filed December 19, 2002 and was denied May 21, 2003.

    A Memorandum in Support is included to show why this Court must grant Petitioner's Motion for Reopening of Petition for Habeas Corpus.

Respectfully submitted,

*Dana Goins*
Dana Goins, pro se
373-041
Hocking Correctional Facility
Box 59
Nelsonville, Ohio 45764

## MEMORANDUM IN SUPPORT

Petitioner Goins ("Goins") has discovered a recently decided case, <u>WOLFE v RANDLE</u>, 267 F.Supp.2d 743 (S.D. Ohio 2003), that was decided on March 27, 2003, by this Honorable Court; therefore, since it was this Court that decided Wolfe, it must make the same decision in the case of Goins now that a precedent has been made. Wolfe and Goins are essentially the same cases. In fact, they are so similar that other than the respective dates and charges, the names of the Petitioners could be interchanged. One case is a mirror of the other. This case could not have been used as a reference since it wasn't decided until well after Goins had filed his Petition for Habeas Corpus. Now that it has been decided and that decision was to permit Wolfe's Habeas Corpus petition, that same decision must be given to Goins to ensure equal protection of the law which is guaranteed by the Fifth Amendment of the U.S. Constitution.

To simplify matters so that this Court will be able to make the comparison in each case, Goins will submit relevant sections of each case with the name of each petitioner (Wolfe or Goins) as a heading to each section. This way, the court will be able to see the similarities.

## CASE SUMMARY

### <u>WOLFE</u>—PROCEDURAL POSTURE

Petitioner pled guilty to involuntary manslaughter and aggravated burglary and did not attempt to appeal his convictions until almost four years later when he sought leave to file a delayed appeal. The Ohio Court of Appeals denied his request. The Ohio Supreme Court dismissed the appeal. Petitioner filed a writ of habeas corpus. A magistrate judge issued a report and recommendation to which the State of Ohio, inter alia, filed an objection.

### <u>GOINS</u>—

Petitioner pled guilty to 1 count of bribery, one count of corruption of a minor, one count of using a minor in nudity material and one count of compelling prostitution and did not attempt to appeal his convictions until almost fifteen months later when he sought leave to file a delayed appeal. The Ohio Court of Appeals denied his request. The Ohio Supreme Court dismissed the appeal. Petitioner filed a writ of habeas corpus. A magistrate judge issued a report and recommendation to which the State of Ohio, inter alia, filed an objection.

### <u>WOLFE</u> OVERVIEW

Petitioner contended he was never informed of his right to appeal, either by the court or his counsel. The magistrate recommended that petitioner's grounds be dismissed as time-barred. The court adopted the magistrate's report and recommendation. The State provided a transcript of the plea and sentencing proceedings...which did not indicate that petitioner may have been aware of his right to appeal and did not

indicate that petitioner may have been aware of his right to appeal from prior contacts with the judicial system. Precedent mandated that due process was violated when defendant was not informed of his right to appeal by the trial court or his counsel. The Ohio Court of Appeals decision denying petitioner's claim was therefore an unreasonable application of clearly established precedent. The doctrine of laches was inapplicable because petitioner's delay was not unreasonable or rooted in his negligence.

## GOINS

Petitioner contended he was never informed of his right to appeal, either by the court or his counsel. The magistrate recommended that petitioner's grounds be dismissed as time-barred. The court adopted the magistrate's report and recommendation. The State **refused to provide** a transcript of the plea and sentencing proceedings... even after filing numerous motions by Goins trying to obtain those documents. A precipe was filed directing the Clerk of Courts to provide a copy of the sentencing hearing transcripts but this directive was not complied with. Without those important documents, the record would have to be considered void of the court advising Goins of his right to appeal or to show that he was aware of his right to appeal from prior contacts with the judicial system. Precedent mandated that due process was violated when defendant was not informed of his right to appeal by the trial court or his counsel. The Ohio Court of Appeals decision denying petitioner's claim was therefore an unreasonable application of clearly established precedent. The doctrine of laches would be inapplicable because petitioner's delay was not unreasonable or rooted in his negligence.

## CORE TERMS FOR WOLFE AND GOINS-

right to appeal, indigent, delayed, recommendation, inform, guilty plea, ineffective assistance of counsel, diligence, notice, pro se, recommended, convicted, sentence, limitation perio , leave to file, pled guilty, correctly, duty, advise, right to effective assistance, constitutional requirement, constitutional question, constitutional right, jurisdiction to hear, failure to exercize, evidence preseented, factual predicate, failure to inform, notice of appeal, right to counsel

## CORE CONCEPTS

Due process is offended when a defendant who pled guilty is kept completely ignorant of his appellate rights. An indigent defendant is entitled to a transcript in order to pursue an appeal. Indigent defendants have a right to counsel on their first appeal and all defendants have the right to effective assistance of appellate counsel. The right of notice is more fundamental than the rights previously guaranteed by the United States Supreme Court. Precedent therefore dictates that failure to inform an indigent defendant of their appellate rights violates due process. Due process rights are implicated when a delayed appeal is the result of a lower court's failure to ensure that an indigent defendant's appellate rights are protected.

When evaluating an application for a writ of habeas corpus following a judgment of a state court, the federal court may grant relief only if the adjudication was (1) contrary to, or involved an unreasonable application, of clearly established federal law as determined by the United States Supreme Court, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C.S. § 2254(d). If a state court does not articulate the reasoning behind its decision or fails to address the constitutional issues, the federal court must look at the state court's decision and conduct an independent inquiry into whether the state court reached a decision contrary to clearly established federal law

or based its decision on an unreasonable determination of the facts in light of the evidence presented. The review is deferential to the state court's determination.

The Constitution is violated if a convicted defendant is not given the right to appeal by reason of his lack of knowledge of his right and the failure of his counsel or the court to advise him of his right to appeal with the aid of counsel. The defendant has ultimate authority in making certain fundamental determinations pertaining to his case, including the right to appeal. The authority to pursue an appeal, even one following a guilty plea, is <u>the defendant's alone.</u> <u>The decision to appeal is not the determination of a defendant's lawyer</u>. In order to make such a decision, the defendant must have knowledge about the appeals options available to him.

In order to be properly informed, a defendant **must be told of his right to appeal, the procedures and time limits involved in proceeding with that appeal, and the right to have the assistance of appointed counsel for that appeal.**

## BACKGROUND OF THE CASE OF GOINS-

Petitioner Dana Goins, an inmate at Hocking Correctional Facility (HCF), in Nelsonville, Ohio, was convicted February 1, 1999, after pleading guilty to bribery, compelling prostitution, using a minor in nudity oriented material and corruption of a minor. The trial court sentenced Petitioner to consecutive prison sentences totalling fifteen (15) years.

Petitioner did not attempt to appeal or otherwise challenge his conviction until May 8, 2000, when he filed pro se a motion for leave to file a delayed appeal to the Ohio Court of Appeals, Twelfth Appellate District, pursuant to Ohio R.App P. 5. Petitioner asserted that he was unaware and was not informed by either the court or his counsel that he could pursue his appeal pro se. Petitioner asserted several grounds upon which he intended to pursue his claim if his appeal was permitted to go forward. The Ohio Court of Appeals issued an Entry overruling Petitioner's motion for leave to file a delayed appeal on June 20, 2000. On July 15, 2000, Petitioner filed a notice of appeal and memorandum in support of jurisdiction to the Ohio Supreme Court. Petitioner alleged that he was not advised by the court or his counsel of his right to appeal his conviction or that he could pursue a pro se appeal. He argued that his indigent status denied him meaningful access to the appellate system. On December 12, 2000, the Ohio Supreme Court entered an order denying jurisdiction to hear the case and dismissed the appeal on the grounds that it did not involve a substantial constitutional question.

On March 26, 2001, Petitioner filed a Petition for Habeas Corpus and asserted numerous grounds for relief. Respondent filed a motion to dismiss on statute of limitation grounds arguing that Goins' petition was barred from review by the one-year statute of limitations set forth in <u>28 U.S.C. Sec. 2244(d)</u>, as amended by Sec. 101

of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. On August 6, 2002, the Magistrate Judge recommended that Respondent's motion to dismiss be GRANTED, and petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 be DISMISSED with prejudice on the ground that it is barred from review under the one-year statute of limitations set forth in 28 U.S.C. Sec. 2244(d). The Magistrate Judge further recommended that "a certificate appealability should not issue because 'jurists of reason would not find it debatable whether this Court is correct in its procedural ruling' as required under the first prong of the two-part standard enunciated in SLACK v McDANIEL, 529 U.S. 473, 484-85 (2002), which is applicable to this case because petitioner's claims for relief have been found to be barred from review on procedural grounds. On October 25, 2002, this Court adopted the Magistrate Judge's Report and Recommendation.

On July 2, 2002, the Magistrate Judge issued an order directing Respondent to expand the record with additional information on what motions had been filed by Petitioner. In response to the Court's Order, Respondent provided all documents pertaining to the case of Goins except a transcript of the plea and sentencing prodeedings.

In Respondent's Reort and Recommendation, he stated "Petitioner claims that he was misinformed by his attorney of his right to appeal. Whether true or not, error of an attorney is not a basis for equitable tolling." Furthermore, the Magistrate Judge stated that "The remedy for negligence by a party's lawyer is generally a legal malpractice suit or an ineffective assistance of counsel claim, not forcing the opposing party to defend against a stale claim." In addition, the Magistrate claimed that "the record shows petitioner was advised of his right to appeal orally at sentencing and by writing when he entered his guilty plea." Goins respectfully argues that without a transcript of the plea and sentencing proceedings, it would be irrational and inconceivable as to how the Magistrate manufactured his conclusion in determining that judgment. Goins is attaching a letter that he received from his attorney in response to a letter that he had written asking about an appeal. Counsel had mentioned to Goins, after he was sentenced, that he would visit him in the county jail to discuss an appeal with him, but Goins was transferred to the prison's reception center on April 2, 1999, before counsel was able to visit him to discuss an appeal. Immediately upon arrival at the prison's reception center, Goins sent counsel a letter asking him to file an appeal on his behalf. In return, Goins received the attached letter. (Exh. A).

The Magistrate summed his Report and Recommendation by stating "the Court concludes that petitioner's federal habeas corpus petition is barred by the one-year statute of limitations," and recommended that petitioner's petiton for writ of habeas corpus pursuant to 28 U.S.C. ß 2254 be dismissed with prejudice as time-barred.

Even the RESPONDENT'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH THE HABEAS STATUTE OF LIMITATIONS, 28 U.S.C. ß2244(d) stated that the petition should be dismissed as untimely. There were no arguments concerning the grounds that Goins had given for his petition. That was a wrongful accusation, pursuant to Wolfe.

On October 25, 2002, Judge Weber accepted the Magistrate Judge's recommendation and dismissed the petition on the grounds that it was time barred.

In further research of legalwork of Goins, he was able to come upon the transcripts of the plea hearing that the respondent furnished on an order from the Magistrate Judge to EXPAND THE RECORD. These plea hearing transcripts are being included in this instant motion. Nowhere in the transcripts will this court find where Goins was advised orally by the sentencing court of his right to appeal. (Exhibit B). There has never been any transcripts furnished of the sentencing hearing; therefore, the record is devoid of any proof that Goins was advised of his right to appeal, the time limits and that counsel would be provided. The only time an appeal was mentioned was after the sentence was imposed and counsel whispered to Goins (off the record) that he would visit him in the county jail to discuss an appeal. But that never transpired.

## DISCUSSION

Petitioner based his writ for habeas corpus on the claim that he was denied his right to appeal because his attorney and the trial court failed his of such right or the right to have appellate counsel appointed to him. In a Report and Recommendation dated August 6, 2002, the Magistrate Judge recommended that this Court dismiss with prejudice petitioner's writ.

Goins attacked the Judge's Report and Recommendation mainly on the ground that since he did not have a first right of appeal and attempted to proceed thru the Delayed Appeal process, that his one-year statute of limitations shoud not begin to run until judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. In Wolfe, he filed a Notice of Appeal and Memorandum in Support of Jurisdiction alleging that he was not advised by the court or his counsel of his right to appeal his conviction. That motion was denied on December 22, 1999, which would have when his claim became final. He subsequently filed his Petition for Habeas Corpus on May 3, 2000, which this Court ruled was filed well before December 22, 2000, which would be one year after the Ohio Supreme Court denied his appeal.

In Goins, he filed his appeal into the Ohio Supreme Court on July 15, 2000. It was denied by that court on December 20, 2000. Subsequently, Goins filed his Petition for Habeas Corpus on March 3, 2001, which would be well before December 20, 2001. The basic principles lies in both cases; therefore, the same decision must be given to Goins as was given to Wolfe by this court.

In the appeal of Goins, he also argues that he was denied equal protection of the

law because he was unaware of his right to appeal and was not informed of this right to appeal and was not informed of this right by either his court-appointed counsel or the trial court. (Exh. B). To further prejudice Goins, his attorney sent him a letter stating that he could not appeal. (Exh. A).

As the respondent did in Wolfe, the respondent in Goins also alleges that he procedurally defaulted by his failure to file a timely notice of appeal. Respondent's sole argument was that "Petitioner's conviction became final upon the expiration of time to seek direct review. 28 U.S.C. §2244(d))1)(A). That date was thirty (30) days from the latest entry of conviction, March 29, 1999 (date of sentencing) until April 28, 1999.

Due process is offended when a defendant who pled guilty is kept completely ignorant of his appellate rights. Cf. Peguero v U.S., 526 U.S. 23, 119 S.Ct. 961, 143 L.Ed.2d 18; White v Johnson, 180 F.3d 648, 652 (5th Cir.1999). The Supreme Court has addressed the procedural requirements for indigent defendants in the appellate process on several occasions. In Griffin v Illinois, 351 U.S. 12, 18, 76 S.Ct. 585, 100 L.Ed. 891 (1956), the Court held that an indigent defendant is entitled to a transcript in order to pursue an appeal. The Court later held that indigent defendants also had a right to counsel on their first appeal, Douglas v California, 372 U.S. 353, 365-67, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), and that all defendants have the right to effective assistance of counsel, Evitts v Lucey, 469 U.S. 387, 393, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). The right of notice is more fundamental than the rights previously guaranteed by the Supreme Court. Precedent therefore dictates that failure to inform an indigent defendant of their appellate rights violates due process. Due process rights are implicated when a delayed appeal is the result of a lower court's failure to ensure that an indigent defendant's appellate rights are protected.

If a state court does not articulate the reasoning behind its decision or fails to address the constitutional issues, the federal court must look at the state court's decision and conduct an independent inquiry into whether the state court reached a decision contrary to clearly established federal law or based its decision on an unreasonable determination of the facts in light of the evidence presented. Schoenberger v Russell, 290 F.3d 831, 835 (6th Cir.2002); Harris v Stovall, 212 F.3d 940, 943 & n. 1 (6th Cir.2000). The review is deferential to the state court's determination. Id.

In the present case, the Ohio Court of Appeals summarily denied Petitioner's motion for a delayed appeal, and the Ohio Supreme Court declined jurisdiction to hear an appeal on that ruling. Since there is no court decision to evaluate in light of 28 U.S.C. §2254, this Court must conduct its own deferentail review.

In conducting that review, this court should see that the Constitution is violated if a convicted defendant is not given the right to appeal "by reason of his lack of knowledge of his right and the failure of his counsel or the court to advise him of

his right to appeal with the aid of counsel." Jacobs v Mohr, 265 F.3d 407, 419 (6th Cir.2001) (citing Goodwin v Cardwell, 432 F.2d 521, 522-23 (6th Cir.1970). The defendant has ultimate authority in making certain fundamental determinations pertaining to his case, including the right to appeal. Jones v Barnes, 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). The authority to pursue an appeal, even one following a guilty plea, is the defendant's alone. Marrow v United States, 772 F.2d 525, 530 (9th Cir.1985). The decision to appeal is not the determination of defendant's lawyer. Id. In order to make such a decision, the defendant must have knowledge about the appeals options available to him. United States ex rel. Smith v McMann, 417 F.2d 648, 654 (2dCir,1969). Douglas v California imposes on a state "a duty to warn every person convicted of a crime of his right to appeal." The right to appeal at the expense of the state is a mere illusion if the convicted indigent defendant does not know such a right exists.

Finding that "in the absence of evidence in the record upon which it could be determined that an indigent convicted defendant knowingly and intelligently waived his right of direct appeal...it was error for the Court of Appeals to dismiss the motion for leave to appeal without making such a factual determination, State v Sims, 27 Ohio St.2d 79, 272 NE2d 87, 91 (1971).

In order to be properly informed, a defendant must be told of his right to appeal, the procedures and time limits involved in proceeding with that appeal and the right to have the assistance of appointed counsel for that appeal. White, 180 F.3d at 652 (5th Cir.1999), Norris v Wainwright, 588 F.2d 130, 135 (5th Cir.) and the one way to make sure that he does know is to tell him so, Sims at 90. This case centers on the complete failure of the court or counsel to inform Petitioner of his right to appeal.

Petitoner, along with the letter from counsel, is also including his sworn declaration that neither his counsel or the trial court advised him of his appellate right and he did not learn that he could file a delayed appeal until he arrived at Hocking Correctional Facility in January, 2000, after spending approximately eight (8) months at the prison's reception center where movement was limited thus taking away any chances of visiting the law library. Once at this facility, Goins was able to visit the law library where he was able to do research and was informed by unmate law clerks that he did have a first right of appeal but would have to utilize the Delayed Appeal Process. It is evident that Goins showed due diligence isnce his first appeal was filed on May 8, 2000, approximately five months after he arrived at this facility.

By Goins submitting (1) a sworn declaration, (2) a letter from counsel erroneously advising him that he could not appeal and (3) a copy of the plea hearing transcripts which are devoid of notice of appeal, should be ample evidence supporting his claim. Respondent has been unable to offer any evidence showing that Petitioner knew of his

right to appeal or that the Court or his attorney ever advised him of his right to appeal. Goins received a copy of the plea hearing transcript when the Magistrate Judge ordered the record to be expanded in his initial filing of a Petition for Habeas Corpus, but a copy of the Sentencing Hearing Transcript was not included. Goins has attempted numerous times to obtain a copy of that particular document, only to be denied; therefore he is unable to include a copy of that transcript. Most assuredly though, a right to appeal was never discussed during the sentencing hearing. This case centers on the complete failure of the court or counsel to inform Petitioner of his right to appeal. For this reason alone, as in Wolfe, this respective Court must rule that this distinction preserves Petitioner's claim in the present case.

Ohio Criminal Rule 32 states that a court must inform a defendant who pled guilty to a serious crime of his right to appeal. Furthermore, this rule was amended in 1998, and is now consistent with Fed. Rule Crim.P. 32(c)(5), which requires the court to inform a defendant who has pled guilty of his right to appeal. Petitioner has successfully shown by a preponderance of the evidence available to him, that the trial court judge and his own counsel failed to advise him of his right to appeal and that he was not otherwise aware of this right.

When evaluating a claim for habeas corpus relief, only holdings of the United States Supreme Court may be relied on with authority, Harris, 212 F.3d at 944-945. As discussed previously, the Supreme Court has specifically put in place procedural protections to protect indigent defendants, including the right to a transcript, Griffin, 351 U.S. 12, 100 L.Ed. 891, 76 S.Ct. 585; the right to appellate counsel, Douglas, 372 U.S. 353, 9 L.Ed. 2d 811, 83 S.Ct. 814; and the right to have that counsel provide effective assistance with their appeal, Evitts, 469 U.S. 387, 83 L.Ed. 2d 821, 105 S.Ct. 830. The protections set forth by the Supreme Court all assume that the defendant knows of his right to appeal. Because notice is more basic than the rights granted in Supreme Court precedent and is a foundation of Supreme Court case law, precedent mandates that due process is violated when a defendant is not informed of his right to appeal by the trial court or by his counsel. By all of the Courts, including this one, denying Petitioner's claims, was therefore an unreasonable application of clearly established Supreme Court precedent. Since the central theme of this case has never been thoroughly reviewed, this Court must allow this petition to be reopened and to go forward. Simply put, Petitioner was never advised of his right to appeal. The doctrine of laches would be inapplicable because Petitioner's delay was not unreasonable or rooted in his negligence.

Respondent's argument and the recommendation of the Magistrate Judge to deny Goins' petition is incorrect in that they claim that Petitoner's claims were barred by failure

to exercise due diligence, but that his claim based on his informed right of appeal could not have accrued before December 20, 2000 when the Ohio Supreme Court denied his appeal. Respondent misreads 28 U.S.C. Sec. 2244(d) to impose a requirement of due diligence in this case, when the limitation period was not calculated under Sec. 2244(d)(1)(d), but under (d)(1)(A) which provides that the limitation period shall run from the date on which the judgment became final by the conclusion of direct review or the expiration of the time seeking such review. Respondent claims that since Goins was sentenced on March 29, 1999, that his thirty (30) days to seek direct review expired April 28, 1999 and that he had until April 28, 2000 to file a post-conviction action such as 28 U.S.C. Sec.2244(d). Respondent additionally argues that the petition of Goins asking for habeas relief is barred from review by the one-year statute of limitations set forth in 28 U.S.C. Sec. 2244(d), as amended by Sec. 101 of the Antiterrorism and and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214.

In the opinion of the Magistrate Judge in his Report and Recommendation, he states: "INitially, petitioner argues that the limitations period is governed by Sec. 2244(d)(1)(D) which provides the statute starts running on 'the date on which the factual predicate of the claim or claims presented could have been diacovered through the exercise of due diligence.' Petitioner argues that he relied on the advice of counsel that he had no basis or an appeal in not appealing his conviction and sentence." "He alleges that it was not until he was transferred to his parent institution, the Hocking Correctional Facility, on January 5, 2000, where he had better access to legal materials and advice that he realized he could file a motion for a delayed appeal. Petitioner suggests that his untimely motions and petitions stem from the advice he received and relied on by his trial counsel."

The opinion goes on to erroneously claim that "petitioner was informed of his appeal rights, including the requirement that he perfect an appeal whithin thirty days, when he pled guilty and at his sentencing hearing." He also states that "Petitioner was aware of the fact that his counsel would not be filing an appeal on his behalf as of counsel's letter dated June 2, 1999" and that "while petitioner may not have appreciated the legal significance of counsel's advice, he certainly was aware of the facts underlying such advice."

First of all, the opinion of the Magistrate Judge admits that Petitioner relied on the advice of counsel in his letter dated June 2, 1999. This letter was dated exactly two months after Petitioner arrived at the Prison's Reception Center when he wrote the letter to his counsel requesting him to file an appeal on his behalf, which would have been in plenty of time to meet the thirty days time limit, but since counsel waited sixty days to inform Petitioner that he would not be filing an appeal, that caused the thirty day time period to expire, which was harmful and prejudicial to Goins.

The Magistrate Judge further claimed "In this case, because petitioner did not file a direct appeal from the challenged judgment of conviction and sentence, his conviction became 'final' within the meaning of 28 U.S.C. Sec.2244(d)(1)(A) on April 28, 1999, when the thirty-day period for filing a timely appeal to the Ohio Court of Appeals expired. Therefore, this Court concludes that the statute of limitations commenced running an April 29, 1999, the day after the thirty (30) day period expired for filing a timely appeal to the Ohio Court of Appeals on direct review, and expired one year

later on April 29, 2000, for filing the instant petition." The Magistrate Judge states: "The remedy for negligence by a party's lawyer is generally a legal malpractice suit or an ineffective assistance of counsel claim, not forcing the opposing party to defend against a stale claim." This is the same claim that this Court rejected in Wolfe.

Furthermore, the Magistrate Judge claims that Petitioner was advised of his right to appeal both at his plea hearing and at his sentencing hearing. He erred when he stated that as the attached transcript of the plea hearing will attest to as it is devoid of any mention of any discussion of a right to appeal and it is also erroneous when he stated that the petitioner was advised of his right to appeal at his sentencing hearing. It would be preposterous to claim that as there is no evidence to substantiate it. No transcript of the sentencing hearing has ever been produced, so there is no way he would know that. The petitioner bears the burden of showing by a preponderance of the evidence that he was not advised of his rights in appellate proceedings, Faught v Cowan, 507 F.2d 273, 275 (6th Cir. 1974). Goins offers (1) his sworn declaration that neither his counsel nor the trial court advised him of his appellate right and he did not learn that he could file a delayed appeal until informed by inmate clerks in 2000 after he arrived at Hocking Correctional Facility; (2) a letter from Counsel erroneously advising him that he could not appeal; (3) the transcript of the plea hearing which is devoid of notice of appeal. Goins is unable to submit a copy of the transcript from the sentencing hearing as the trial court refuses his efforts to obtain a copy. Now that Goins has offered ample evidence supporting his claim, now the burden of showing by a preponderance of evidence that he was advised of his appellate rights shifts to the respondent.  Goins has offered every document that is available to him for review.

The Respondent and the Magistrate erred when they stated that the time expired on April 28, 2000, for Goins to file his 28 U.S.C. Sec. 2254 (federal Habeas Corpus). This Court held in Wolfe: "The statute provides that the limitation period shall run from the latest of a number of possible dates, enumerated under (d)(1)(A) through (d)(1)(D). Even if Petitioner could have discovered the factual predicate for his claim at an earlier date, the latest date in this case was that of December 22, 1999, when his claim became final by the Ohio Supreme Court's denial of his appeal. As Wolfe's Petition for Habeas Corpus was filed well before December 22, 2000, it falls well within the one-year period of limitation of 28 U.S.C. Sec.2244(d)(1)."

In the instant case of Petitioner Goins, his appeal was denied by the Ohio Supreme Court on December 20, 2000; subsequently he filed his Petition for Habeas Corpus on March 26, 2001. As in Wolfe, it also falls well within the one-year period of limitation of 28 U.S.C. Sec.2244(d)(1). Consequently, Goins' Petition for Habeas Corpus should be allowed to go forward.

## CONCLUSION

When a defendant pleads guilty he limits his options to appeal, but certain appellate avenues remain open. The Supreme Court has previously stressed that an indigent defendant must be afforded certain procedural protections so that they may properly pursue their appellate rights such as the right for an indigent defendant a transcript for pursuing their appeal; indigent defendants have a right to counsel for their first appeal and all defendants have the right to effective assistance of appellate counsel. These rights all presuppose that the defendant is informed of the appellate rights. Due process is offended if a defendant who pleads guilty is not made aware of his right to appeal. This proposition is unaffected by the lack of explicit constitutional requirement. <u>Ohio Revised Code Sec.2929.19</u> clearly prescribes what a trial judge must do and say at a felony sentencing hearing.

Proper notice was provided to the Parties under <u>Title 28 U.S.C. Sec.636 (b)(1)(C)</u>, including notice that they would waive further appeal if they failed to file an objection to the Magistrate Judge's Report and Recommendation in a timely manner. <u>United States v Walters</u>, 638 F.2d 947, 949-50 (6th Cir. 1981). Goins filed his objection in a timely manner. He also appealed the denial of his habeas corpus in a timely manner but that too, was denied on May 21, 2003. He then filed a Petition for Rehearing en banc, and that was denied also on August 26, 2003. Subsequently, Goins discovered Wolfe v Randle that was decided by this Court on March 25, 2003, thus the filing of the instant motion to have his Petition for Habeas Corpus reopened.

Pursuant to Wolfe, this Court must afford Goins the same relief that was given to Wolfe and that is Goins be released from prison unless the State of Ohio permits him to file a delayed appeal from his conviction in forma pauperis and with court-appointed counsel, within sixty days of the filing of Petitioner's filing of Petitioner's motion for a delayed appeal. The Court should further ORDER Respondent to notify the Court in writing of reinstatement of the appeal and to file a motion to dismiss their action at that time and that Petitioner Goins must notify the Court in writing upon expiration of the sixty-day period if the appeal is not reinstated. All of this must be performed in order to keep with the precedent set in Wolfe v Randle and signed by S. Arthur Spiegel, United States Senior District Judge.

## DOCUMENTS ATTACHED:

Exhibit A: Letter from Counsel to Goins giving erroneous advise that he could not appeal
Exhibit B: Transcript from Plea Hearing of Goins
Exhibit C: Sworn declaration (affidavit) from Goins claiming that neither his counsel or the trial court advised him of his appellate right and he did not learn that he could file a delayed appeal until he arrived at Hocking Correctional Facility, in January, 2000, where he was informed by inmate law clerks that he could file an appeal
Exhibit D: Respondent's Motion to Dismiss for Failure to Comply with the Habeas Statute of Limitations - 28 U.S.C. Sec.2244(d)

These documents are offered as proof to show that Goins was given erroneous advise by counsel concerning an appeal; to show that Respondent in Goins made the same arguments as in Wolfe. Also, a copy of the transcript of the plea hearing is included so that this Court can see that the trial court did not advise Goins of his appellate rights. Included too, is a sworn declaration (as Wolfe provided) declaring that he was not advised by the trial court nor counsel advised him of his appellate rights.

**WHEREFORE**, Petitioner Goins prayerfully asks and hopes that this Honorable Court will grant his Motion to Reopen his Petition for Habeas Corpus and afford him the same relief that was given in Wolfe v Randle.

Respectfully submitted,

_Dana Goins_
Dana Goins, pro se
373-041
Hocking Correctional Facility
Box 59
Nelsonville, Ohio   45764

## PROOF OF SERVICE

I hereby certify that a copy of the foregoing MOTION FOR REOPENING OF PETITION FOR HABEAS CORPUS has been sent by regular U.S. Mail to the Attorney General's Office, 140 East Town Street, 14th Floor, Columbus, Ohio, 43214-6001, on this 13th day of January, 2004.

_Dana Goins_
Dana Goins, pro se
373-041

## SUPPLEMENT

Petitioner Goins ("Goins") has discovered another case of law that is relevant to his Motion for Reopening of Petition for Habeas Corpus. This case would be extremely helpful to this Honorable Court if there are any doubts whether to allow Goins' Motion to Reopen his Petition for Habeas Corpus that has previously been denied on October 25, 2002. **Pursuant to** this newly discovered case, it should leave no doubts in the minds of the jurists of this Court as to what decision to make.

This newly discovered case, Duncan v U.S., 842 F.Supp. 1016 (M.D.Tenn, 1993), was decided on November 24, 1993, in the U.S. District Court, M.D. Tennessee, Nashville Division by J. Higgins, District Judge. Judge Higgins held that attorney's failure to appeal client's sentence despite client's instruction to do so is breach of basic duty of loyalty and deviates from objective standard of reasonableness. Judge Higgins also held that failure to perfect requested appeal apparently warrants legal presumption of prejudice thus satisfying second prong of claim for ineffective assistance of counsel. When the Judge made that decision, it also implies when counsel does not file a requested appeal on behalf of the client, it constitutes a violation of the right to due process and equal protection of the law which is guaranteed by the United States Constitution.

As noted by the United States Court of Appeals for the Sixth Circuit, an individual's "right to appeal and to counsel at appeal are personal rights of Constitutional dimension." Boyd v Coawn, 519 F.2d 182, 184 (6th Cir. 1975). "It has been pointed out that 'courts indulge every reasonable presumption against waiver' of fundamental constitutional rights and that we 'do not presume asquiescence in the loss of fundamental rights.'" Carnley v Cochran, 369 U.S. 514, 82 S.Ct. 889, 8 L.Ed.2d.

In this instance, the attorney error alleged is the failure of Goins' attorney to file an appeal, despite his instructions to do so. If proven such inaction comprises a breach of an attorney's basic duty of loyalty, which certainly deviates from the "Objective standard of reasonableness" required in Strickland v Washington, 466 U.S. at 688, 104 S.Ct. at 2064, 80 L.Ed. at 693. As noted by the Supreme Court, the fair process constitutionally guaranteed each individual "can only be attained where counsel acts in the role of an active advocate in behalf of his client." Anders v California, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493, 498 (1967). This role of advocate requires that the attorney "support his client's appeal to the best of his ability." Id. Blatantly ignoring a client's directive to file an appeal when instructed to do so by a defendant obviously contradicts this mandate. Even if examination of the case reveals that an appeal would be frivolous, such inaction violates the advocacy required of counsel. In such cases, the Supreme Court specifically requires that counsel so advise the court and request permission to withdraw. Anders, 386 U.S. at 744, 87

S.Ct. at 1400, 18 L.Ed.2d at 498. This request must "be accompanied by a brief referring to anything in the record that might arguably support the appeal." Id.

In addition, one could hardly argue that failing to perfect an appeal, despite a client's express directive to the contrary, could be the result of an attorney's reasonable judgment under the circumstances. Therefore, an attorney's failure to comply with a client's directive to appeal, **if proven**, would fulfill the performance prong of the the Strickland test:[1] Accordingly, determination of the attorney incompetence prong of the Strickland test in this action requires resolution of whether Goins requested counsel to file an appeal, or not, and if counsel ignored this request.

With the submission of the letter from counsel (Exhibit A), this is a strong indication that Goins did, in fact, request an appeal to be filed in his behalf, only to have counsel refuse to do it. This letter is invaluable to the Court in its evaluation of the merits and facts of the instant case.

In addition, it cannot be disputed that an attorney's failure to perfect an appeal, despite his client's direction to do so, has serious ramifications which negatively impact the fundamental fairness of the overall proceedings. A claim based on the failure to perfect a requested appeal, if proven, warrants a legal presumption of prejudice, similar to that found in other Sixth Amendment contexts, namely, cases involving actual or constructive denial of counsel or conflict of interest. Strickland at 691, 104 S.Ct. at 2067, 80 L.Ed.2d at 696.

This interpretation corresponds with the Supreme Court's assertion that "those whose right to appeal has been frustrated should be treated exactly like any other appellant; he should not be given an additional hurdle to clear just because the rights were violated at some earlier stage in the proceedings." Rodriguez v United States, 395 U.S. 327, 330, 89 S.Ct. 1715, 1717, 23 L.Ed.2d 340, 344 (1969). Defendant is not required to show meritorious issues to be appealed when denied right to appeal due to counsel failing to file an appeal, Bonneau v United States, 961 F.2d 17, 23 (1st. Cir. 1992).

Counsel is required to advise the court that an appeal would be frivolous and request permission to withdraw. A brief which makes reference to all potential arguments in support of an appeal must accompany the request to withdraw. An attorney's failure

---

[1] Such an interpretation corresponds with the observation of the United States Court of Appeals for the Sixth Circuit that "courts have found that a defendant has been denied effective assistance of counsel when the malfeasance or nonfeasance of his or her counsel effectively deprived the defendant of the right to appeal." Riley, 712 F.2d at 386. In Riley, the Sixth Circuit specifically noted that, as in cases where counsel failed to file or perfect an appeal, the attorney's misguided trial strategy effectively deprived the client of the right to appeal, a result which the Court found strengthened its finding of prejudice. Id.

to perfect a requested appeal, without seeking to withdraw from the case and filing the required documents, would obviously comprise non-compliance with the mandate of Anders.

In Freels v Hills, 843 F.2d 958, 964 (6th Cir.), the Court held the defendant was entitled to have appellate counsel perfect an appeal and advocate his position or follow the mandated Anders procedures. In its decision, the Freels Court noted that "if we were to allow the adsence of viable issues on appeal to serve as an excuse for counsel's failure to follow the mandates of Anders, we would be effectively erasing Anders from the books altogether." Id at 964. The Court reiterated this principle in a later case by stating that "appellate counsel's failure to meet the requirements of Anders v California, is presumptively prejudicial and, therefore, need not be measured by the standards in Strickland v Washington." Allen v United States, 938 F.2d 664, 666 (6th Cir. 1991).

After reviewing all of the available evidence, this Court must find that Goins, because of his counsel refusing to perfect a timely appeal after being requested to do so, was denied right to due process and equal protection of the law. Therefore, pursuant to the newly submitted case, Duncan v U.S., this Court should allow his Petition for Habeas Corpus to be reopened and to go forward. There can be no question as to whether or not Goins requested counsel to file an appeal on his behalf. Exhibit A settles that point, thus the denial of his right to due process and equal protection of the law.

Respectfully submitted,

Dana Goins, pro se
373-041
Box 59
Nelsonville, Ohio   45764