*David L. Kash*
*Attorney at Law*
*350 N. Second Street*
*Hamilton, Ohio 45011*
*(513) 867-8000*
*Fax: (513) 867-0979*

June 2, 1999

Dana L. Goins   373-041
P.O. Box 300
Orient, OH 43146

Re:   State of Ohio v. Dana Goins
      FN:   D5369

Dear Dana:

In response to your latest letter, due to the fact that you entered a guilty plea to four (4) counts of the indictment and the Judge did not sentence you to the maximum periods of time on each count, you do not have any basis for appeal. The statute provides for an automatic appeal in the event that the Judge had sentenced you to maximum terms. At this point your only remedy available from the Court is the filing of a motion for judicial release once you have been in the institution for six (6) months. I plan on filing that motion approximately October 1, 1999.

If you have any further questions, please get back to me.

Very truly yours,

David L. Kash
Attorney at Law

DLK/tsw

(EXHIBIT A)

1   **MR. ADAMS:** Your Honor, the next matter before the court is the *State
2   of Ohio vs. Dana L Goins*, Case Number: CR98-12-1476. Your Honor, this matter's set
3   before the court for the purposes of a plea.

4   **BY THE BENCH:** Mr. Goins, how old are you sir?

5   **DEFENDANT:** I'm 50.

6   **BY THE BENCH:** How far did you go in school?

7   **DEFENDANT:** Pardon?

8   **BY THE BENCH:** How far did you go in school?

9   **DEFENDANT:** I graduated from high school.

10  **BY THE BENCH:** Do you have any difficulty reading, writing or
11  understanding the English language?

12  **DEFENDANT:** NO AUDIBLE RESPONSE.

13  **BY THE BENCH:** Are you presently suffering from any physical or mental
14  disease, disability or defect that makes it difficult for you to understand these proceedings?

15  **DEFENDANT:** No I'm not.

16  **BY THE BENCH:** I'm holding on to a document that I'm gonna give back
17  to your attorney in a few minutes for him to verify and for you to verify your signature on
18  it. But it's captioned Plea of Guilty and Jury Waiver, in which it appears that you have
19  signed a document indicating that it is your intention to plead guilty to the following
20  charges: count one, bribery, which is a third degree felony, carrying a maximum five year
21  prison sentence and a $10,000.00 fine; count two, compelling prostitution, which is a third
22  degree felony, carrying with it a possible a maximum five year prison sentence [sic], a
23  maximum $10,000.00 fine; count eight, illegal use of a minor in nudity oriented material,
24  which is a second degree felony, carrying with it a maximum eight year prison sentence,
25  a $15,000.00 fine and a presumed necessary prison sentence; and count nine, corruption

EXHIBIT 22

1  of a minor, which is a fourth degree felony, carrying with it, a possible 18 month prison
2  sentence and a possible $15,000.00 fine.
3  In round numbers is means that you are indicating that it is your intention
4  to plead guilty to those four offenses, for which this court could impose a maximum 19-
5  1/2 years in prison and a maximum set of fines of $40,000.00. Do you understand that?
6  **DEFENDANT:** (INAUDIBLE)
7  **BY THE BENCH:** Again, are you sufferin' from any physical or mental
8  disease, disability or defect that makes it difficult for you to understand these proceedings
9  or the consequences of these proceedings?
10  **DEFENDANT:** (INAUDIBLE)
11  **BY THE BENCH:** Has anyone promised you anything if you would enter
12  a guilty plea to those charges?
13  **DEFENDANT:** No, sir.
14  **BY THE BENCH:** Has anyone forced you or threatened you or coerced
15  you in any way to cause you to come in here and ask this court to accept guilty pleas to
16  those charges?
17  **DEFENDANT:** No, sir.
18  **BY THE BENCH:** In addition to the possible penalties that are involved,
19  there's also another process called a sexual predator determination. In other words, if I
20  accept your guilty plea, the court will be required to have a sexual predator hearing to
21  determine whether to find you to be a sexually oriented offender, a habitual sexual
22  offender or a sexual predator. Any one of those three findings will require registration
23  with the sheriff's department where you live for at least ten years and up to life, depending
24  on the determination that this court makes. Do you understand that?
25  **DEFENDANT:** Yes, sir.

1       **DEFENDANT:** Mr. Kash is holding on to a document that's captioned Plea
2  of Guilty and Jury Waiver. The document I was talking about. It has, what appears to be
3  your signature on it. Did you sign it?

4       **DEFENDANT:** Yes, sir.

5       **BY THE BENCH:** Before you signed it did you read it?

6       **DEFENDANT:** Yes, sir.

7       **BY THE BENCH:** Did you understand it?

8       **DEFENDANT:** Yes, sir.

9       **BY THE BENCH:** If you had any questions regarding the content of that
10 document, did you ask those questions of Mr. Kash?

11      **DEFENDANT:** Yes, sir.

12      **BY THE BENCH:** Are you satisfied with the advise and the representation
13 that you received from him?

14      **DEFENDANT:** Yes, sir.

15      **BY THE BENCH:** Are you presently under the influence of any alcohol
16 or drugs?

17      **DEFENDANT:** No, sir.

18      **BY THE BENCH:** I'm gonna have the prosecuting attorney put into the
19 record, the basis of these charges. I want you to listen carefully because when he
20 concludes, I'm gonna ask you if that -- the statement of fact that he gives me is accurate,
21 and if you agree that those are the charges to which you will be entering a guilty plea.

22      **MR. ADAMS:** Your Honor, statement of facts are as follows: As to count
23 one, on or about November 10, 1998, Butler County, Ohio, Dana L. Goins did, with
24 purpose to corrupt a witness or improperly to influence him with respect to his testimony,
25 an official proceeding, either before or after he is subpoenaed or sworn, shall promise,

1  offer or give him, or another person any valuable thing or thing of value or valuable
2  benefit [sic] which offense is a felony of the third degree in violation of Ohio Revised
3  Code, titled Bribery. Your Honor, the circumstances surrounding that was defendant
4  offered an amount of cash, approximately $1,900.00 in exchange for one, Michelle Seely
5  and I believe, Amanda Pardon, to tell confusing stories at grand jury so that matter would
6  not be indicted, that he was currently pending against him [sic].
7           As to count two, Your Honor, on or about June, 1998 through October,
8  1998, Butler County, Ohio, Dana L. Goins did knowingly induce, procure, encourage,
9  solicit, request or otherwise facilitate minors, to-wit: Michelle Seely, age 14, Amanda
10 Deans, age 16, Amanda Pardon, age 17, to engage in sexual activity for hire, whether or
11 not the defendant knows the age of the minor, which offense is a felony of the third
12 degree, in violation of Ohio Revised Code, titled Compelling Prostitution.
13           Your Honor, as to count eight, on or about June 8th, or excuse me, on or
14 about June, 1998 through October, 1998, at Butler County Ohio, Dana L. Goins did
15 photograph (INAUDIBLE) a minor who is not the person's child or ward in a state of
16 nudity or create, direct, produce or transfer any material or performance that shows the
17 minor in a state of nudity, which offense is a felony of the second degree and in violation
18 of Ohio Revised Code titled Illegal Use of a Minor in Nudity Oriented Material or
19 Performance.
20           Your Honor, as to count nine, on or about June, 1998 through October 1998,
21 at Butler County, Ohio, Dana Goins, did, a person at the time being age 50, engage in
22 sexual conduct with Michelle Seely, age 14, a person who was not defendant's spouse at
23 the time. And said defendant knew that Michelle Seely was 13 of age or older, but less
24 than 16 years of age, or is reckless in that regard, which offense is a felony of the fourth
25 degree in violation of <u>Ohio Revised Code</u> ti -- titled Corruption of a Minor.

1   **BY THE BENCH:** Any further information on those and the fact situation
2   in this case?

3   **MR. ADAMS:** With regards to what charge Your Honor?

4   **BY THE BENCH:** The other three that -- other than reading out the
5   indictment where there -- is there any other underlying facts?

6   **MR. ADAMS:** Your Honor, with regards to the count of Compelling
7   Prostitution, the defendant offered these three individuals money ranging from anywhere
8   from $50.00 to $100.00. And also, also offered them clothes from Value City in exchange
9   for them to get -- engage in sexual conduct with him.

10  With regards to the charge of Illegal Use of a Minor in Nudity Oriented
11  Materials, a search warrant was served on his residence in Fairfield. And upon serving
12  that search warrant, Your Honor, there was discovered numerous photographs. And out
13  of those photographs, many of them contained minors in states of nudity. Three of those
14  girls have been identified and, and are in fact minors.

15  **BY THE BENCH:** Mr. Goins, do you agree that those facts that have been
16  related to the court are true and accurate?

17  **DEFENDANT:** Can I ask my lawyer something?

18  **BY THE BENCH:** Yes, sir.

19  **MR. KASH:** I'd like to make just a couple corrections then (INAUDIBLE)
20  Mr. Goins might -- not corrections, but clarification I think.

21  Your Honor, I, number one, have the transcript of the telephone
22  conversation involving the bribery, involving Michelle Seely only, and I don't recall there
23  being a specific amount of money being offered. It was Christmas money, I'll make it
24  worth your, that type of thing. So I'm not sure where the $1,900.00 came from.

25  And as far as the indictment indicating that this compelling prostitution

5

1  occurred between June and October of 1998, I think the testimony would be that it was
2  closer to the end of the -- that period of time when Dana (INAUDIBLE), he didn't even
3  know these girls prior to the early, early fall.
4       But with that, that's the only clarification we would make.
5       **BY THE BENCH:** Do you agree with those clarifications that the facts that
6  have been related to the court are accurate?
7       **DEFENDANT:** Yes, sir.
8       **BY THE BENCH:** All right. May I have the form back please? We're
9  gonna spend some time going over this Mr. Goins. I do this in every guilty plea because
10 even though you've heard me do it in other cases today, it's necessary that the record
11 reflect that we individually deal with each of these guilty pleas. So I wanna make sure that
12 I have your own answers.
13      This document that you've signed says, "I withdraw my former not guilty
14 plea and enter a guilty plea to the following offenses as I indicated. Number -- count one,
15 bribery, a third degree felony, carrying a maximum five year prison sentence, a maximum
16 $10,000.00 fine. Count two, compelling prostitution, carrying a maximum five year
17 prison sentence, a maximum $10,000.00 fine. Count eight, illegal use of a minor in nudity
18 oriented material, carrying a maximum eight year prison sentence, a maximum $15,000.00
19 fine, a presumed prison sentence. And count nine, corruption of a minor, carrying an 18
20 month prison sentence and a $5,000.00 fine.
21      Do you understand that these are the charges to which you are entering a
22 guilty plea?
23      **DEFENDANT:** Yes, sir.
24      **BY THE BENCH:** And if I accept your guilty plea, as I indicated, there's
25 a possible maximum 19-1/2 years that this court could impose in prison sentences. Do you

1  understand that?

2      **DEFENDANT:** Yes, sir.

3      **BY THE BENCH:** As well as $40,000.00 in fines and court costs. Do you
4  understand that?

5      **DEFENDANT:** (INAUDIBLE).

6      **BY THE BENCH:** And if I send you to prison for any period of time, 12
7  years, you would then be subject to something called bad time. And if I 12 years, you'll
8  go for 12 years. You won't get out any earlier than that but you could stay longer if you
9  violate the rules of the institution, because they can impose something called bad time.
10 And that's in increments of 15, 30, 60 and 90 days so that you could be required to spend
11 an additional six years in prison for bad time if you got a 12 year prison sentence. Do you
12 understand that?

13     **DEFENDANT:** Yes, sir.

14     **BY THE BENCH:** And upon release from prison, you will be compelled
15 to be on post release control for a period of five years. That's the new word for parole.
16 If you violate any of the rules of post release control any time in that five year period, they
17 can send you back to prison in increments of up to nine months at a time for half the
18 original sentence. Or as I said, if you went for 12 years, you could spend another six years
19 for violating the rules of post release control. Do you understand that?

20     **DEFENDANT:** Yes, sir.

21     **BY THE BENCH:** And if you commit a new crime while you're on post
22 release control, not only do you go back to prison for the new crime, but once you finish
23 serving the time for the new crime, then you serve any additional time that you did not
24 successfully complete on post release control, in prison. Do you understand that?

25     **DEFENDANT:** Yes, sir.

1     **BY THE BENCH:** There's also a possibility that you would be put on
2 community control, but I'm telling you that's not gonna happen. This court will review the
3 presentence investigation, but the probability is, and with the presumed prison sentence
4 necessary, this court will impose a prison sentence. Do you understand that?

5     **DEFENDANT:** Yes, sir.

6     **BY THE BENCH:** Community control is a new word for probation and
7 that could be for a period of five years. Now while the court is required to consider it, the
8 court is telling you that the probability is that it -- based upon the presumed necessary
9 prison sentence, there will be a prison sentence imposed. Do you understand that?

10    **DEFENDANT:** Yes, sir.

11    **BY THE BENCH:** You're giving up a number of rights. Very important
12 rights. The first is a right to trial by jury. You have a right to have 12 jurors in the jury
13 box behind you listen to the evidence and decide whether there's enough evidence to find
14 you guilty by proof beyond a reasonable doubt. Unless all 12 agree unanimously, you
15 could not be convicted and you're waiving that right. Do you understand that?

16    **DEFENDANT:** Yes, sir.

17    **BY THE BENCH:** You're waiving your right to a trial to the bench. You
18 have a right to have the court hear the evidence and decide whether there's enough
19 evidence to find you guilty by proof beyond a reasonable doubt, either with a jury or the
20 court, as to each count. And unless there's proof beyond a reasonable doubt, you could
21 not be convicted. And you're waiving that right. Do you understand that?

22    **DEFENDANT:** Yes, sir.

23    **BY THE BENCH:** You're waiving your right to confront the witnesses
24 against you. You have a right to have the State of Ohio require to put their witnesses on
25 the witness stand, you hear what they have to say, have Mr. Kash cross examine them.

1   That's called confrontation. You're giving up that right. Do you understand that?

2   <u>DEFENDANT</u>: Yes, sir.

3   <u>BY THE BENCH</u>: You're giving up your right to present your own
4   defense. You have a right to require your witnesses to be brought in here by subpoena and
5   put on the witness stand. And you're waiving that right. Do you understand that?

6   <u>DEFENDANT</u>: NO AUDIBLE RESPONSE.

7   <u>BY THE BENCH</u>: And lastly, and most importantly, you have a
8   constitutional right to remain silent. When you enter this guilty plea, you're waiving that
9   right and you're not remaining silent. Do you understand that?

10  <u>DEFENDANT</u>: Yes, sir.

11  <u>BY THE BENCH</u>: Do you have any question at all about anything that this
12  court has covered or has not covered in this process?

13  <u>DEFENDANT</u>: (INAUDIBLE).

14  <u>BY THE BENCH</u>: What's your plea to the charge of bribery under count
15  one?

16  <u>DEFENDANT</u>: Guilty.

17  <u>BY THE BENCH</u>: What's your plea to the charge of compelling
18  prostitution under count two?

19  <u>DEFENDANT</u>: Guilty.

20  <u>BY THE BENCH</u>: What's your plea to the charge of illegal use of a minor
21  in nudity oriented material under count eight?

22  <u>DEFENDANT</u>: Guilty.

23  <u>BY THE BENCH</u>: And what's your plea to the charge of corruption of a
24  minor under count nine?

25  <u>DEFENDANT</u>: Guilty.

1    **BY THE BENCH:** Court finds sufficient evidence to find you guilty of all
2  four counts and will so find. Mr. Kash, is there anything you wanna say on behalf of your
3  client?
4    **MR. KASH:** Is the court gonna order a presentence?
5    **BY THE BENCH:** I am going to do --
6    **MR. KASH:** (INAUDIBLE).
7    **BY THE BENCH:** I'm going --
8    **MR. ADAMS:** Your Honor, may the State approach?
9    **BY THE BENCH:** Sure.
10   **MR. ADAMS:** (INAUDIBLE).
11   **BY THE BENCH:** Oh yeah, I went into a long detail on that.
12   [Long pause in record]
13   **BY THE BENCH:** This matter'll be set for, for final disposition. Predator
14  hearing will occur first. I'm ordering a forensic evaluation at 10:30 a.m. on March 12th
15  [sic].
16   [Long pause in record]
17   **BY THE BENCH:** Bond is revoked. March 12th at 10:30 for a disposition
18  and predator hearing. Predator hearing will take place first. And you'll take care of
19  getting the order to forensic for the forensic evaluation.
20   **MR. ADAMS:** Thank you, Your Honor.
21   **AND THEREUPON,** court was adjourned.
22   [Transcript concluded]
23
24
25

STATE OF OHIO

                    CASE NO. C-01-185

COUNTY OF BUTLER

IN RE: MOTION FOR REOPENING OF
PETITION FOR HABEAS CORPUS

### AFFIDAVIT

Now comes the undersigned Affiant, being duly cautioned and sworn, deposes and says that he has personal knowledge of all matters contained herein and is competent to testify thereon.

**FURTHER AFFIANT STATES:** My name is Dana Goins, 373-041, and my current address is Hocking Correctional Facility, Box 59, Nelsonville, Ohio, 45764.

**UNDER THE PENALTIES OF PERJURY AFFIANT STATES:**

I was sentenced by Judge Bressler of the Common Pleas Court of Butler County, Ohio, on March 29, 1999. During the sentencing hearing that took place on that date, there was no mention of me having a first right of appeal by the sentencing judge or by my court-appointed counsel, David Kash. Mr. Kash did whisper to me that he would visit me at the County Jail to discuss an appeal with me. But that never happened as I was transferred to the Ohio Prison's Reception Center (CRC) four days later, April 2, 1999. Immediately upon arrival at CRC, I sent Mr. Kash a letter asking him about an appeal and requesting that he file an appeal for me. In return, Mr. Kash sent me a letter, dated June 2, 1999, (see Exhibit A) informing me that since the judge didn't impose the maximum sentence, I had no basis for an appeal. I was at the reception center for approximately eight (8) months where inmates are kept locked in their cells normally for 23 out of 24 hours each day, therefore, affording an inmate little or no time to visit the law library or to be with other inmates to ask questions concerning an appeal. I was subsequently transferred to my parent institution on or about January 5, 2000, where I had more freedom of movement and where I could visit the law library and ask questions. It was at this time that I was informed by an inmate law clerk, along with other inmates, after explaining the circumstances of my case with them, that I did have a right to file an appeal and that I had good reasons. They told me that I would have to file a delayed appeal, which I did into the Twelfth District Court of Appeals on May 8, 2000, and was denied June 20, 2000. Subsequently, I filed a Notice of Appeal into the Ohio Supreme Court on July 15, 2000 and that motion was denied December 20, 2000. I then filed a Petition for Habeas Corpus March 26, 2001, and that was denied October 25, 2003, as the Court stated that it was time-barred pursuant to the one-year statute of limitations.

All of this was as a result of my attorney giving me erroneous and prejudicial advice and by the trial court or counsel not fully advising me of my appellate rights.

**FURTHER, AFFIANT SAYS NAUGHT**

_____
Affiant's Name

Sworn to and subscribed before me, a Notary Public on this ___11___ day of ___January___, 2004.

___1-26-05___
My commission expires

_____
Notary    Notary Public, State of Ohio
My Commission Expires 1-26-05
Commission Recorded in: ___

(Exhibit C)

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| Dana Goins, | : | Case No. C-1-01-185 |
| Petitioner | : | Judge Weber |
| vs. | : | Magistrate Judge Sherman |
| Mark Sanders, | : | |
| Respondent | : | |

**RESPONDENT'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH
THE HABEAS STATUTE OF LIMITATIONS - 28 U.S.C. §2244(d)**

Respectfully submitted,

BETTY D. MONTGOMERY
Attorney General

*/s/ Jonathan R. Fulkerson*

JONATHAN R. FULKERSON (0068360)
Assistant Attorney General
Corrections Litigation Section
140 East Town Street, 14th Floor
Columbus, Ohio 43215-6001
(614) 644-7233
Fax (614) 728-9327
jfulkerson@ag.state.oh.us

(Exhibit D)

## ARGUMENT

Respondent submits that the petition should be dismissed for failure to follow the habeas statute of limitations contained in 28 U.S.C. §2244(d). That section reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Id.

In this case, Petitioner's conviction became final upon the expiration of time to seek direct review. 28 U.S.C. §2244(d)(1)(A). That date was thirty (30) days from the latest entry of conviction (Exhibit 4) March 29, 1999 – April 28, 1999. Thus Petitioner had until April 28, 2000 to file a post-conviction action as noted in the statute above.

## CONCLUSION

Thus, the instant petition should be dismissed as untimely.

Respectfully submitted,

BETTY D. MONTGOMERY
Attorney General

JONATHAN R. FULKERSON (0068360)
Assistant Attorney General
Corrections Litigation Section
140 East Town Street, 14th Floor
Columbus, Ohio 43215-6001
(614) 644-7233
Fax (614) 728-9327
jfulkerson@ag.state.oh.us