FILED
JAMES BONINI
CLERK

2004 MAR -3 PM 1:34

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| DANA GOINS, pro se | : | Case No. C-01-185 |
| Petitioner | : | Judge Weber |
| | | Magistrate Judge Sherman |
| -vs- | : | |
| SAMUEL TAMBI, Warden | : | MOTION FOR LEAVE OF COURT TO FILE SUPPLEMENT TO PREVIOUSLY FILED MOTION FOR REOPENING OF |
| Respondent | : | PETITION FOR HABEAS CORPUS |

NOW COMES Dana Goins, Petitioner, pro se, who respectfully asks this Court to permit him to submit another case of law that has been recently decided, December 3, 2003, by The United States Court of Appeals, Sixth Circuit. The case is GRANGER v HURT, 84 Fed.Appx. 500(6th Cir. 2003) and the basics are similar to the case of Petitioner Goins and he prayerfully hopes that thie Honorable Court will review GRANGER before it renders a decision.

The supplement is offered pursuant to Federal Rules of Civil Procedure, Rule 15(d), Supplement Pleadings, which allows a party to serve a supplement pleading setting forth occurences or events which have happened since the date of the pleading sought to be supplemented. GRANGER has been published since Petitioner Goins submitted his MOTION FOR REOPENING OF PETITION FOR HABEAS CORPUS, therefore, it could not have been offered before this time.

Respectfully submitted,

*Dana Goins*
Dana Goins, Petitioner, pro se
373-041
Hocking Correctional Facility
Box 59
Nelsonville, Ohio  45764

## SUPPLEMENT

### Background—

Petitioner Goins ("Goins") filed a motion for a delayed direct appeal pursuant to Ohio Appellate Rule 26(B) on May 8, 2000. That motion was denied by the Ohio Court of Appeals on June 20, 2000. Goins then filed a motion for leave to appeal to the Supreme Court of Ohio, which was denied on December 12, 2000. On March 26, 2001, Goins filed a petition for a writ of habeas corpus, claiming that he had been denied both his right to appeal and to the effective assistance of counsel because of his attorney's failure to file an appeal. The district court dismissed Goins' habeas petition on the ground that he had failed to file the petition within the one-year statute of limitations. Goins filed a timely appeal into The United States Court of Appeals, Sixth Circuit, but that Court refused to grant a Certificate of Appealability (COA). Since that time, Goins has discovered that the Courts have made rulings that are contrary to the decisions of the Sixth District Court and The United States Court of Appeals, Sixth Circuit. Those decisions would have favorable effects and now would be bebeficial to the instatnt case of Goins; therefore, now that these Honorable Courts have set the bar in making their decisions, Goins respectfully argues that those decisions must be applied also to his case, which would permit his habeas petition to go forward.

According to the recently decided case of Granger v Hurt, which the court held that he filed his habeas petition within the one-year statute of limitations, the same ruling must be made in the case of Goins, who also filed his Petition for Habeas Corpus within the one-year time limit. The circumstances are essentially the same in Granger, the same in Wolfe and the same in United States of America ex rel. Elliot Thurmond v Vincent R. Mancusi, which have been previously submitted in support of Goins' Motion to Reopen his Petition for Habeas Corpus. To rule any other way, except in favor of reopening, would be an abuse of discretion and would deny Goins equal protection of the law.

### ANALYSIS—

When the Ohio Supreme Court denied Granger's motion on May 17, 2000, that decision concluded the direct review of his case, White v Schotten, 201 F.3d at 752-53. The White Court held that applications to reopen or file delayed appeals are part of direct—not collateral—review. As excerpted from that case, the one-year period of limitation for an application for a writ of habeas corpus "run[s] from the latest of the date on which the judgment became final by the conclusion of direct review..." 28 U.S.C. 2244(d)(1)(A). GRanger had until May 17, 2001, to file his habeas petition. He filed on May 8, 2001. His application was therefore timely, which means that the district court's judgment must be reversed.

In the instant case of Petitioner Goins, his appeal into the Ohio Supreme Court was denied on December 12, 2000, which meant that that decision concluded the direct review of his case. Goins thus had until December 12, 2001, to file his habeas petition.

He filed on March 26, 2001. Goins' petition was therefore timely, according to the newly offered case of Granger v Hurt, which also means that the district court's judgment **must** be reversed. As in that court, the Sixth Circuit Court of Appeals held that the White precedent cannot be ignored; the same must hold true in the instant case of Goins.

### Argument-

As in Granger, the State argued that the factual predicate of his claim was established at trial when Goins was informed of his right to appeal (Goins was never advised of his right to appeal either by the sentencing court or by his court-appointed counsel). That logic from the state is unpersuasive. Goins' ineffective-assistance claim is based upon his counsel's failure to file a timely appeal, therefore, he clearly could not have been aware of this failure at the close of his court proceedings.

To require a prisoner to know the requirements of filing an appeal, including the time limits, ignores the reality of the prison system and imposes an unreasonable burden on prisoners seeking to appeal.

Reasonable diligence was shown by Goins when he sent counsel a letter asking him to file an appeal on his behalf, only to receive a letter in return informing him that he did "not have any basis for an appeal." (see Exhibit A in original motion).

For the foregoing reasons and the previously cited cases (Wolfe v Randle, United States of America ex rel. Elliot Thurmond and the most recently decided case, Granger v Hurt, the judgment of the district court **must** be reversed and remanded for consideration of Goins' habeas petition on the merits.

Respectfully submitted,

Dana Goins, Petitioner, pro se
373-041
Hocking Correctional Facility
Box 59
Nelsonville, Ohio  45764

### PROOF OF SERVICE

I hereby certify that a copy of the foregoing MOTION FOR LEAVE OF COURT TO FILE SUPPLEMENT TO PREVIOUSLY FILED MOTION FOR REOPENING OF PETITION FOR HABEAS CORPUS, has been sent by regular U.S. Mail to the Attorney General's Office, 140 East Town Street, 14th Floor, Columbus, Ohio, 43214-6001, on this 3rd day of march, 2004.

Dana Goins, 373-041