UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dana Goins,
    Petitioner                             Case No. C-1-01-185

vs.

Mark Sanders,                        **ORDER**
    Respondent                          (Weber, J.)

      This matter is before the Court on petitioner's motion to reopen case (Doc. 38), supplemental memorandum in support thereof (Doc. 39), and motion for leave to file supplement. (Doc. 40).

      Plaintiff's motion for leave to file supplement (Doc. 40) is **GRANTED**.

      On October 25, 2002, the Court adopted the Report and Recommendation of the Magistrate Judge granting respondent's motion to dismiss petitioner's habeas petition on the ground that it is barred from review under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). (Doc. 32). The Court incorporates by reference the factual and procedural background set forth in the Report and Recommendation. (Doc. 26).

      Petitioner now seeks reopening of this matter, contending that the recent decision of *Wolfe v. Randle*, 267 F. Supp.2d 743 (S.D. Ohio 2003)(Spiegel, J.), compels such reopening. In *Wolfe*, the Court granted the habeas corpus petition, finding petitioner's due process rights were violated when petitioner, who plead guilty, was not informed of his right to appeal. 267 F. Supp.2d at 747-749. In denying an earlier motion to dismiss this claim on statute of limitations grounds, the Court accepted the petitioner's allegations that both his trial counsel and the trial court failed to advise him of his right of appeal, and that it was not until July 1999 that he was first advised by inmate clerks that he could file a motion for leave to file a delayed appeal, which advice he immediately followed. *Wolfe v.*

*Randle*, Case No. 1:00-cv-410 (S.D. Ohio March 12, 2001)(Doc. 9, Report and Recommendation adopted by Order of July 3, 2001). The Ohio Court of Appeals summarily dismissed the petitioner's motion to file a delayed appeal and the Ohio Supreme Court dismissed the petitioner's notice of appeal on December 22, 1999. Wolfe filed a federal habeas corpus petition on May 23, 2000. This Court concluded that Wolfe's claim for relief was governed by 28 U.S.C. § 2244(d)(1)(D), which provides the statute of limitations begins to run when the factual predicate of the claim could have been discovered through the exercise of due diligence. *Id*. The Court found the factual predicate giving rise to Wolfe's claim could not have accrued before December 22, 1999, when the Ohio Supreme Court issued the final ruling in the matter that precluded petitioner from obtaining an appeal in the state courts and that Wolfe habeas corpus petition submitted for filing within six months thereafter was timely. *Id*.

      Petitioner here claims he was similarly not informed by the sentencing court or his appointed counsel of his right to appeal. Petitioner contends he relied on the advice of counsel that he had no basis for an appeal in not appealing his conviction and sentence. (Doc. 38, Exh. A). He alleges he did not realize he could file a motion for a delayed appeal until he was transferred to his parent institution on January 5, 2000, where he had better access to legal materials and advice. He argues that like *Wolfe*, the statute of limitations in his case did not begin until the Ohio Supreme Court denied his motion for delayed appeal on December 20, 2000. Therefore, he contends, his habeas corpus petition that was filed on March 26, 2001 was within the one-year statute of limitations in 28 U.S.C. § 2244(d)(1).

      This case is distinguishable from *Wolfe*. Unlike the petitioner in *Wolfe*, petitioner here was specifically informed of his appeal rights at his plea hearing and in writing prior thereto. The "Plea of Guilty & Jury Waiver" states, in pertinent part:

> By pleading guilty I admit committing the offense(s). I know the judge may either sentence me today or refer my case for a presentence report. *I understand my right to appeal a maximum sentence, my other limited appeal rights and that any appeal must be filed within 30 days*. . . .

(Doc. 9, Exh. 2 at 2)(emphasis added). Petitioner's signature appears directly under this paragraph. *Id*. At the plea hearing, petitioner was questioned as follows:

2

>[BY THE BENCH]: Mr. Kash (defense counsel) is holding on to a document that's captioned Plea of Guilty and Jury Waiver. The document I was talking about. It has, what appears to be your signature on it. Did you sign it?
>
>DEFENDANT: Yes, sir.
>
>BY THE BENCH: Before you signed it did you read it?
>
>DEFENDANT: Yes, sir.
>
>BY THE BENCH: Did you understand it?
>
>DEFENDANT: Yes, sir.
>
>BY THE BENCH: If you had any questions regarding the content of that document, did you ask those questions of Mr. Kash?
>
>DEFENDANT: Yes, sir.
>
>BY THE BENCH: Are you satisfied with the advise and the representation that you received from him?
>
>DEFENDANT: Yes, sir.

(Doc. 38, Exh. B at 3).

    In contrast to *Wolfe*, the evidence here shows petitioner was informed of his appeal rights in writing and at his plea hearing. Thus, the factual predicate for his claim was known to petitioner at the time he pled guilty on January 29, 1999. *See* § 2244(d) (1)(D). As the *Wolfe* Court noted, "a defendant cannot base a claim on the court's failure to inform him of his appellate rights if he has personal knowledge of these rights." 267 F. Supp.2d at 748, citations omitted. Here, the record plainly shows during the plea proceeding prior to sentencing, the trial judge advised petitioner of his right to appeal through his questions about the signed plea agreement. Petitioner acknowledged he signed and understood the plea agreement and its contents, which included his appeal rights. Thus, petitioner was not prejudiced by the court's subsequent alleged failure to advise him at the sentencing

hearing of his right to appeal his sentence. Thus, the decision in *Wolfe* provides no basis for reopening the petition for habeas corpus.

Nor does the decision of *Granger v. Hurt*, 84 Fed. Appx. 500, 2003 W.L. 22976539 (6th Cir. Dec. 03, 2003), cited by petitioner in his supplemental memorandum, alter this Court's decision. The opinion in *Granger* was amended and superseded on denial of rehearing by *Granger v. Hurt*, 90 Fed. Appx. 97, 2004 W.L. 162549 (6th Cir. Jan. 23, 2004). The decision in *Granger* is factually distinguishable as well. The *Granger* Court held that the one-year limitation period of the AEDPA did not begin to run until the petitioner discovered that his counsel had not filed an expected appeal. While the *Granger* petitioner's ineffective-assistance claim was based upon his counsel's failure to file a timely appeal, petitioner here claims he was never informed of his right to appeal, a claim that is clearly disputed by the record as explained above. Thus, *Granger* provides no support for petitioner's motion to reopen in this matter.

Petitioner has alleged no other facts which suggest that reopening of his habeas corpus petition is warranted. If petitioner wishes to obtain review of the Court's decision, he must pursue an appeal to the United States Court of Appeals for the Sixth Circuit.

Accordingly, it is hereby **ORDERED** that petitioner's motion to reopen (Doc. 38) is **DENIED.**

**IT IS SO ORDERED**.

Date: 7/23/04                    __s/Herman J. Weber_____
                                 Herman J. Weber
                                 Senior Judge, United States District Court