# UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Dana Goins,
    Petitioner

vs                                         Case No. 1:01cv185
                                                 (Weber, J.)

Mark Sanders,
    Respondent

## ORDER

      On July 23, 2004, this Court denied petitioner's motion to reopen his habeas corpus action which the Court had previously dismissed as barred from review under the one year statute of limitations set forth in 28 U.S. C. § 2244(d). (Doc. 41). This Court determined that decisions from this circuit and from the Southern District of Ohio cited by petitioner and issued subsequent to the order denying habeas corpus relief would not change the result in this case. This matter is before the Court on petitioner's motion for leave to file a memorandum in support of his notice of appeal which exceeds twenty pages (Doc. 44), petitioner's request for a certificate of appealability (Doc. 45) and petitioner's motion for leave to appeal *in forma pauperis*. (Doc. 46).

      Petitioner's motion for leave to file a memorandum in support of his notice

of appeal which exceeds twenty pages (Doc. 44) is hereby GRANTED.

A certificate of appealability is appropriate with respect to the denial of petitioner's motion to reopen the case, specifically with respect to petitioner's first and fifth claims for relief, which were originally dismissed as barred under the one year statute of limitations set forth in 28 U.S.C. § 2244(d). Due to the evolving nature of the caselaw with respect to the statute of limitations "jurists of reason would find it debatable whether this Court is correct in its procedural ruling" that the case should not be reopened and the claims remain time-barred in light of decisions following the court's original dismissal order. *See Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000). *Miller-El v. Cockrell,* 537 U.S. 322, 323-324 (2003) (quoting *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000)) (in turn quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)).  Moreover, jurists of reason would find it debatable whether the first and fifth claims in the petition state viable constitutional claims. *Id.*  On these bases, petitioner's request for a certificate of appealability (Doc. 45) is hereby GRANTED.

In order to grant *in forma pauperis* status on appeal, this court must certify that the appeal of the Order denying the reopening of this case would be taken in "good faith," and petitioner must demonstrate financial necessity.  *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).  In this case, petitioner has not provided proof of his financial eligibility, such as a statement from the cashier at his institution regarding his institutional account, or a detailed statement of his financial situation.  *See* Fed. R. App. P., Form 4.  For petitioner's convenience, the Clerk of the Court is DIRECTED to provide petitioner with an application to proceed *in forma pauperis* on appeal.  The Court will defer ruling on petitioner's motion for leave to appeal *in forma pauperis* (Doc. 46) until petitioner files supporting financial information.

**IT IS SO ORDERED**.

Date:   10/5/04                                              s/Herman J. Weber
                                                            Herman J. Weber, Senior Judge
                                                            United States District Court

C:\Documents and Settings\langsm\Local Settings\Temp\notes721D2D\01-185mtnapp.wpd