UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FILED
JAMES BONINI
CLERK

2004 OCT 25  PM 2:32

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

| | | |
|---|---|---|
| Dana Goins, | : | Case No. 1:01cv185 |
| Petitioner | : | (Weber, J.) |
| -vs- | : | |
| Samuel Tambi, Warden, | : | **MOTION FOR APPOINTMENT OF APPELLATE COUNSEL** |
| Respondent | : | |

NOW COMES Dana Goins, Petitioner, pro se, who respectfully asks this Honorable Court to appoint him counsel Pursuant to the Criminal Justice Act, 18 U.S.C. §3008A(c) (1994) and Houston v Lack, 487 U.S. 266, 268-71 (1988), to brief and argue the difficult jurisdictional issues that are now before the Court of Appeals. A Certificate of Appealability has been granted by the United States District Court, Southern District of Ohio, Western Division, filed October 6, 2004.

A Memorandum in Support is included to show why counsel should be appointed in the present case.

Respectfully submitted,

Dana Goins
Dana Goins, pro se
373-041
Hocking Correctional Facility
Box 59
Nelsonville, Ohio  45764

## MEMORANDUM IN SUPPORT

Petitioner Goins ("Goins") requests the appointment of appellate counsel in the present case to effectively brief and argue issues that would be difficult for the untrained in the appellate procedures in the Sixth Circuit Court of Appeals. The jurisdictional issues are difficult and confusing, therefore, counsel is needed for the presentation of the petitioner's nonfrivolous claims.

Goins respectfully argues that he is unable to investigate and present his claim as his incarceration seriously impairs his ability to effectively prepare and investigate the facts in his case. In addition, Goins will need extensive discussion of importance to investigate facts and thus either to avoid need for evidentiary hearing and facilitate dismissal of nonmeritorious claims or to prosecute potentially meritorious fact-based claims.

The Court in Jackson v State, 732 So.2d 187, 190 (Miss. 1999) held:

> "mandating appointment of counsel for indigent prisoners in state post-conviction proceedings because, inter alia, '[a]pplications for post-conviction relief often raise issues which require investigation, analysis and presentation of facts outside the appellate record. . .[and] [t[he inmate is confined. . . . [and therefore] unable to investigate.'"

Charles Alan Wright stated, "better practice [is] to assign counsel for an indigent prisoner if the petition presents a triable issue of fact." (see Procedure for Habeas Corpus, 77 F.R.D. 227, 245 (1978).

"Layman's need for a lawyer is most acute when a case reaches the stage at which evidence must be obtained and presented." Hughes v Joliet Correctional Center, supra, 931 F.2d at 429 (section 1915 case). Goins maintains that he has a colorable case, but without assistance of a lawyer he would likely be tripped up by his opponents' lawyers, therefore, legal assistance is necessary to ensure he receives a fair presentation of his claims. Goins realizes this might be his one and only chance to "have his day in court" and this is a case that "cries out" for justice, thus the need for assistance of counsel.

Dana Goins, pro se
373-041