UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dana Goins,
    Petitioner

vs

Mark Sanders,
    Respondent

Case No. 1:01cv185
(Weber, Sr. J.)

**ORDER**

On October 25, 2002, the Court adopted the Report and Recommendation of the Magistrate Judge to grant respondent's motion to dismiss the instant federal habeas corpus petition on the ground that it is barred from review by the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d). (*See* Docs. 26, 32). On May 21, 2003, the United States Court of Appeals for the Sixth Circuit denied petitioner a certificate of appealability from the October 25, 2002 Order. (Doc. 37).

Thereafter, on January 16, 2004, petitioner filed a motion to reopen the case, which was denied by this Court on July 23, 2004. (*See* Docs. 38, 41). In so ruling, however, the Court granted a certificate of appealability, petitioner's motion for leave to appeal *in forma pauperis,* and petitioner's motion for appointment of counsel on appeal. (Docs. 48, 51). This matter, which is currently on appeal before the Sixth Circuit, is now before the Court on petitioner's motion filed by his counsel for leave to supplement the record by way of a court order requiring the "transfer of the entire record of *State of Ohio v. Dana Goins*, Butler County Court of Common Pleas, Butler County, Ohio, Case No. CR93-12-1476." (Doc. 52). The Sixth Circuit has stayed petitioner's appeal pending this Court's ruling on the motion. Therefore, the Court has jurisdiction to consider petitioner's request.

Petitioner's "Motion For Order To Transfer And Supplement The Record" (Doc. 52) is DENIED. The petition and petitioner's motion for reopening were denied

because petitioner's claims for relief are procedurally barred from review on the merits by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). Petitioner has not provided any justification supporting his request as to why the "entire record" of the state criminal trial proceedings is necessary for the Sixth Circuit to properly assess whether or not this Court was correct in its procedural ruling on the statute of limitations issue, or in other words, whether petitioner should be allowed to reopen the case for further review on the merits of his claims for relief. The information in the present record is sufficient for the court to adjudicate the procedural statute of limitations issue raised on appeal, as well as the question resolved by this Court in issuing a certificate of appealability pursuant to *Slack v. McDaniel,* 529 U.S. 473 (2000), as to whether jurists of reason would find it debatable that the first and fifth claims in the petition state viable constitutional claims.

IT IS SO ORDERED.

Date: 11/21/05
cbc

Herman J. Weber
Senior Judge, United States District Court

J:\BRYANCC\2005 habeas orders\01-185denappmtn.supprec.wpd

because petitioner's claims for relief are procedurally barred from review on the merits by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). Petitioner has not provided any justification supporting his request as to why the "entire record" of the state criminal trial proceedings is necessary for the Sixth Circuit to properly assess whether or not this Court was correct in its procedural ruling on the statute of limitations issue, or in other words, whether petitioner should be allowed to reopen the case for further review on the merits of his claims for relief. The information in the present record is sufficient for the court to adjudicate the procedural statute of limitations issue raised on appeal, as well as the question resolved by this Court in issuing a certificate of appealability pursuant to *Slack v. McDaniel,* 529 U.S. 473 (2000), as to whether jurists of reason would find it debatable that the first and fifth claims in the petition state viable constitutional claims.

IT IS SO ORDERED.

Date: 11/21/05
cbc

Herman J. Weber
Senior Judge, United States District Court

J:\BRYANCC\2005 habeas orders\01-185denappmtn.supprec.wpd