NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 04-4146

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
NOV 1 5 2006
LEONARD GREEN, Clerk

| | |
|---|---|
| DANA GOINS, | ) |
| Petitioner-Appellant, | ) |
| v. | ) ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OHIO |
| MARK SAUNDERS, Warden, | ) |
| Respondent-Appellee. | ) |

BEFORE:  BOGGS, Chief Judge; DAUGHTREY, Circuit Judge; and MILLS, District Judge.[*]

PER CURIAM. This case is about the importance of finality and, more particularly, about the strict limits on the availability of relief from a judgment under Federal Rule of Civil Procedure 60(b). A one-year statute of limitations applies to petitions for habeas corpus collaterally challenging state convictions. 28 U.S.C. § 2244(d)(1). Almost two years after his state conviction and sentence became final, Dana Goins filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court denied the petition as time-barred and refused to grant a certificate of appealability. Goins then filed a motion for relief from the judgment under Rule 60(b), arguing that an intervening change in the law rendered his petition timely. The district court denied the motion,

---

[*]The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

No. 04-4146

Goins v. Saunders

but granted a certificate of appealability. Goins, now represented by counsel, appeals. The district court did not abuse its discretion in denying the Rule 60(b) motion, and therefore we affirm.

I

On March 29, 1999, an Ohio state court sentenced Goins to fifteen years of imprisonment after he pled guilty to one count each of bribery, compelling prostitution, illegal use of a minor in nudity-oriented material, and corruption of a minor. His right to appeal was explained both on the guilty plea form that he signed and by the sentencing judge. Goins alleges that he asked his court-appointed counsel to file an appeal, but no direct appeal ever was filed. Goins's conviction and sentence became final on April 28, 1999, the last day on which he could have filed a timely direct appeal. Ohio Rev. Code § 2505.07 ("After the entry of a final order . . . , the period of time within which the appeal shall be perfected, unless otherwise provided by law, is thirty days.").

Six hundred and fifty-nine days later, on February 5, 2001, Goins filed his federal habeas corpus petition. He raised six claims, including claims that he received ineffective assistance of counsel and was denied his right to an appeal.[1] Before the district court, he argued that, for various reasons, 509 of the 659 days should not count toward the limitations period. The district court

---

[1] The district court stated the filing date as March 26, 2001, one of three dates stamped on the petition. (The other two dates are February 8 and February 28.) In *Houston v. Lack*, however, the Supreme Court held that a prisoner's notice of appeal generally should be considered filed on the date it is given to prison authorities to mail, rather than the date it is received by the court. 487 U.S. 266, 274 (1988); *see also Feenin v. Myers*, 110 F. App'x 669, 671 (6th Cir. 2004) (applying the "prison mailbox" rule to the filing of a *pro se* habeas petition). As a result, we treat the petition as filed on the date Goins signed it, February 5, 2001.

-2-

No. 04-4146

Goins v. Saunders

rejected many of his arguments and dismissed his petition as untimely. Both the district court and this court denied Goins a certificate of appealability.

In the district court, Goins filed what he called a "motion for reopening of petition for habeas corpus." He argued that intervening decisions by this court and by the United States District Court for the Southern District of Ohio changed the law governing the timeliness of his petition and would compel a finding that the petition was timely filed. The district court treated the motion as a motion for relief from the judgment under Rule 60(b). (On appeal, Goins agrees that it was correct to do so.) The district court denied the motion, but granted a certificate of appealability "with respect to the denial of the petitioner's motion to reopen the case, specifically with respect to petitioner's first and fifth claims for relief" (*i.e.*, the claims for ineffective assistance and denial of the right to appeal).

II

We review the denial of a motion filed under Rule 60(b) for abuse of discretion. *Hood v. Hood*, 59 F.3d 40, 42 (6th Cir. 1995). Rule 60(b) says:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
> (6) any other reason justifying relief from the operation of the judgment.

No. 04-4146

Goins v. Saunders

Because Goins's motion does not fit within any of the first five categories, he must rely on the catch-all category of Rule 60(b)(6). A habeas petitioner seeking relief under Rule 60(b)(6) must "show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 125 S. Ct. 2641, 2649 (2005) (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)).

Intervening changes of law generally do not qualify as "extraordinary circumstances." *Ibid*. In *Gonzalez*, the Supreme Court affirmed the denial of a Rule 60(b)(6) motion in a procedural setting almost identical to this one. Based on its view that a state petition dismissed as procedurally barred could not toll the AEDPA statute of limitations, the district court in *Gonzalez* dismissed the petitioner's habeas petition as untimely. The Supreme Court then held in a different case that a procedurally barred state filing *could* toll the statute of limitations as long as the procedural bar at issue was a restriction on obtaining relief rather than a restriction on filing. *See Artuz v. Bennett*, 531 U.S. 4, 10 (2000). The petitioner filed a Rule 60(b)(6) motion for relief from the judgment, arguing the district court would not have dismissed his original petition if it had applied the rule announced in *Artuz*. The district court denied the motion, and the Supreme Court affirmed.

The Court assumed that the petitioner was correct that the district court's original timeliness holding was incorrect under *Artuz*. *Gonzalez*, 125 S. Ct. at 2650. It nevertheless concluded that the petitioner was not entitled to prevail on his Rule 60(b)(6) motion. "It is hardly extraordinary," the Court explained, "that subsequently, after petitioner's case was no longer pending, this Court arrived at a different interpretation." *Ibid*.

-4-

No. 04-4146

Goins v. Saunders

Goins offers us no reason to believe that the intervening decisions he cites are somehow more extraordinary than the intervening change in law in *Gonzalez*.[2] Instead, he attempts to distinguish *Gonzalez* by arguing that, unlike in *Gonzalez*, the certificate of appealability issued in this case permits us to review the underlying determination that the petition was time-barred as well as the denial of the Rule 60(b) motion. We doubt that the language used in the certificate of appealability supports this broad reading, but we need not determine whether it does. In an appeal taken from the denial of a Rule 60(b) motion, our jurisdiction is limited to review of the district court's denial of the motion for relief from the judgment. We have no jurisdiction to review the merits of the underlying claims, regardless of what the certificate of appealability says. *See Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 263 n.7 (1978); *Smith v. Anderson*, 402 F.3d 718, 727 (6th Cir. 2005). Consequently, *Gonzalez* controls: even if we were to assume, *arguendo*, that the alleged change in law could benefit Goins if it were applied to his case, he has not demonstrated the "extraordinary circumstances" required for relief under Rule 60(b)(6). The district court did not abuse its discretion in denying his motion. Its judgment is AFFIRMED.

---

[2] If anything, they are less extraordinary, since it appears to us that none of the four decisions Goins cites – *DiCenzi v. Rose*, 419 F.3d 493 (6th Cir. 2005), *Granger v. Hurt*, 84 F. App'x 500 (6th Cir. 2004), *Colwell v. Tanner*, 79 F. App'x 89 (6th Cir. 2003), and *Wolfe v. Randle*, 267 F. Supp. 2d 743 (S.D. Ohio 2003) – would compel the district court to conclude that his petition was timely even if any of these decisions were applied to his case.